## STORAASLI *v.* MINNESOTA.

No. 393.   Submitted February 25, 1931.—Decided March 23, 1931.

*Messrs. Charles Bunn* and *Pierce Butler, Jr.,* were on the brief for appellant.

58

*Messrs. Henry N. Benson,* Attorney General of Minnesota, *James E. Markham,* Deputy Attorney General, and *W. K. Montague,* Assistant Attorney General, were on the brief for appellee.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

By chapter 57 of the General Laws of Minnesota of 1889, that State ceded to the United States jurisdiction of the territory constituting the Fort Snelling Military Reservation, which lies entirely within the boundaries of Minnesota, immediately adjacent to the city limits of Minneapolis and St. Paul. Its greatest length from north to south is three and three-quarters miles, and from east to west two miles. The cession was upon condition that the public highways across the reservation be kept open for public traffic. Concurrent jurisdiction to serve process, civil and criminal, of the State, and to arrest persons charged with offenses against the laws of the State, was retained. There was no other limitation.

The reservation is occupied by the military forces of the United States, and, save as above noted, jurisdiction therein is exercised by the Federal Government to the exclusion of the State.

The Constitution of Minnesota provides [1] that a member of the military forces of the United States shall not be deemed a resident of the State as a consequence of being stationed within its borders. It also grants [2] to the legislature power to tax motor vehicles using the public streets and highways of the State on a more onerous basis than other personal property, such tax to be in lieu of all other taxes thereon, except wheelage taxes, so called, which may be imposed by any borough, city or village. Any such law may, in the discretion of the legislature, provide for the exemption from taxation of any motor vehicle owned by a nonresident transiently or temporarily using the streets and highways of the State. The proceeds of such tax are to be paid into the Trunk Highway Sinking Fund.

[1] Art. 7, § 4.
[2] Art. 16, § 3.

By virtue of this constitutional authority, the legislature enacted a law providing for the imposition of a motor vehicle registration tax.[3] Pursuant to the statute, the Secretary of State filed in the office of the clerk of the district court of Ramsey County a list of motor vehicles on which the tax and penalty for 1929 appeared delinquent. The appellant's automobile was included in the list. Appellant filed answer to the notice, denying that any tax or penalty was due the State; alleging that he was the sole owner of the vehicle, was a nonresident of the State of Minnesota, a member of the military forces of the United States quartered and resident upon the Fort Snelling Reservation, that the vehicle had not been operated for hire, nor been present within the jurisdiction of Minnesota upon its roads, highways or streets for any period of ten days, and was never operated thereon, except as a visitor for brief periods.

After averring that the reservation is solely under the control of the United States and that all governmental functions, including police power, traffic control, and maintenance of highways, are vested in and exercised by the commanding officer under the laws of the United States, to the total exclusion of control by the State, and that the reservation is no part of the State of Minnesota, the answer states that the commanding officer has created and maintains, pursuant to his powers, a complete system of automobile registration, with rules and regulations, and that the vehicle in question is duly registered under such laws and regulations and has license plates and a registration certificate issued by federal authority, which has at all times been carried. It asserts appellant's willingness and ability to comply with all the laws of Minnesota applicable to nonresidents who have occasion to use its roads and streets, and that he has so notified the state officials,

---

[3] Mason's Minn. Stat. 1927, §§ 2672–2704, incl., as amended S. L. 1929, c. 335.

and has complied with all the traffic laws and regulations of the State when operating upon its highways.

On appellee's motion, judgment was entered on the pleadings for the tax and penalty. Upon appeal, the Supreme Court of Minnesota affirmed the judgment.[4] The appellant brought the case to this Court, having at all stages in the courts below asserted rights under the Fourteenth Amendment, which were passed on and determined adversely to his contentions. He claims that the tax in question is a property tax, and that the State may not tax property located on the Fort Snelling Reservation. In the alternative he says, if the act levies a privilege tax, as applied to him, it deprives him of equal protection of the laws by imposing upon him a greater burden than that laid on residents of Minnesota, or residents of neighboring States.

The argument that the tax is one on property is founded on the fact that it is measured by the cost of the motor car (less certain annual allowances for depreciation), and that it is in lieu of all other taxes thereon except wheelage taxes levied by municipalities.[5] It is to be remarked, however, that a minimum tax is prescribed for cars of certain weights, irrespective of value; that the act levies the tax on vehicles " using the public streets or highways in the State "; and provides that they " shall be privileged to use the public streets and highways on the basis and at the rates for each calendar year as follows . . ." [6]

The state court held that " the tax is both a property tax and a privilege tax. It is a property tax in the sense that it exempts the vehicle licensed from other taxation as property. It is in lieu of other taxes. But it is equally clear that it is a privilege tax. . . . The character of a privilege tax extends to the whole of the tax."

---

[4] 180 Minn. 241; 230 N. W. 572.

[5] Mason's Minn. Stat. 1927, § 2674.

[6] *Ibid.*

62

This Court, while bound by the state court's decision as to the meaning and application of the law, decides for itself the character of the tax, and whether as applied to the appellant it affects his constitutional rights. We think it plain that the levy is an excise for the privilege of using the highways.

It is denominated a privilege tax. The car cannot use the highways unless it is paid. The statute contains the usual provisions for registration, issuance and display of number plates, &c.[7] Residents of other States who desire to use the highways for more than the period specified in certain sections extending the privilege, must register their vehicles and pay the same tax as residents of Minnesota.[8] The claim that the State is attempting to tax appellant's property situate without its jurisdiction cannot be sustained.

Viewed as imposing a privilege tax, the statute is alleged to discriminate against appellant in favor of residents, because it exempts vehicles licensed under it from payment of property taxes. But the exemption is a proper and lawful one, and appellant cannot make out a discrimination against him from the mere fact that he is not in a position to claim it. Doubtless in the case of every taxing act which creates exemptions there are those who cannot bring themselves within the exempt class, but this does not deprive them of the equal protection of the law.

Finally, appellant says the act accords certain privileges to residents of neighboring States, which are denied to him, and hence the law operates unequally as against him. The section of the statute to which he refers provides that vehicles owned by nonresidents, properly registered in the country or State of the owner, and carrying license number plates of such State, are authorized to use Minnesota

---

[7] *Ibid.*, § 2675.

[8] Mason's Minn. Stat. 1927, § 2684.

highways for ten days without registration or tax, and upon making proper filing with the Registrar of Motor Vehicles within the ten-day period, are authorized to use the highways of the State for a total period of ninety days without any payment whatever.[9]  Appellant says that, as he is a nonresident of Minnesota, has registered his car in the Fort Snelling Reservation, as required by the authorities thereof, carries license number plates issued by such authorities, and has offered to make proper filing in Minnesota, to refuse him the privilege accorded to other nonresidents deprives him of the equal protection of the law.

But, as was pointed out in *Kane* v. *New Jersey,* 242 U. S. 160, the absence of any such provision in favor of nonresidents, would not render the law discriminatory. A resident of the State who desires to operate his car for a single day is liable for the entire year's tax.  If the State determines to extend a privilege to nonresidents, it may with propriety limit the concession to those who have duly registered their vehicles in another State or country.  The mere fact that appellant has not so registered his car and cannot, therefore, bring himself within the class benefited by the exemption, does not create a discrimination against him.  The State was not bound to make a classification with respect to exemptions for him and those similarly situated.  Nothing said in *Hendrick* v. *Maryland,* 235 U. S. 610, establishes any such principle.  Nor are the authorities which forbid a difference in the method of calculating the amount of the tax itself depending solely on the fact of residence within or without the State relevant to the issue in this case.[10]  We

---

[9] *Ibid.*

[10] *Travis* v. *Yale & Towne Mfg. Co.,* 252 U. S. 60; *Bethlehem Motors Corp.* v. *Flynt,* 256 U. S. 421; *Hanover Fire Ins. Co.* v. *Harding,* 272 U. S. 494.

find no improper classification or discrimination. The judgment is

*Affirmed.*

MR. JUSTICE BUTLER took no part in the consideration or decision of this case.