## AERO–MAYFLOWER TRANSIT CO. v. GROSJEAN, Secretary of State of Louisiana, et al.

### No. 257.

District Court, E. D. Louisiana, Baton Rouge Division.

June 4, 1932.

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, La., and Watkins, Asbill & Watkins, of Atlanta, Ga., for plaintiff.

Gaston L. Porterie, Atty. Gen., of Baton Rouge, La., and M. M. Irwin and James O'Connor, Assts. to Atty. Gen., both of New Orleans, La., for defendants.

Before FOSTER, Circuit Judge, and ERVIN and BORAH, District Judges.

PER CURIAM.

### Statement of the Case.

This is a bill seeking to enjoin the collection of registration and license fees imposed upon certain motor vehicles owned and operated by plaintiff by act of the Louisiana Legislature No. 297 of 1928.

It is contended by plaintiff that the provisions of the act impose a tax upon the privilege of engaging in interstate commerce and deprive it of its property without due process at law and the equal protection of the law, in violation of the Constitution of the United States.

The bill prays for a restraining order and for interlocutory and final injunctions. A restraining order issued on bond.

The defendants moved to dismiss the bill on the grounds that the amount involved is less than $3,000; that the plaintiff has an adequate remedy at law; and that the bill shows no cause of action.

A hearing was had on the application for an interlocutory injunction and on the motion to dismiss.

### Findings of Facts.

The verified bill and affidavits filed show the following facts, which are not in dispute: Plaintiff is a corporation organized under the laws of Kentucky, having its principal place of business in Indianapolis, Ind. It owns some 66 motortrucks, which are registered in Indiana, and is engaged in transporting residential and office furniture as a private carrier by contract in interstate commerce between points in Louisiana and other states

and through the state of Louisiana. It is not engaged in intrastate commerce in Louisiana. In the course of a calendar year it would operate approximately 50 different trucks over the highways of Louisiana, but not more than four of its motor vehicles will be in the state at one time. The annual tax it would be compelled to pay under the provisions of the act would be about $4,194.80. The highway commission granted it permission to operate two trucks per month for a period of four days each, without paying the registration fees, provided said trucks would not be operated on a regular schedule and formal application would be made for the privilege, stating the numbers of the license tags carried by the trucks and the name of the state issuing them. This privilege was exceeded, and two of plaintiff's trucks were seized and with the freight were impounded. Plaintiff's trucks fall into the second class, as defined by section 25 of Act No. 297 of 1928.

Act No. 297 of 1928 is lengthy, but the provisions pertinent to this case may be somewhat briefly stated. Section 1, inter alia, defines "department" as the Louisiana highway commission. Section 2 designates the secretary of state as vehicle commissioner with the powers and duties as elsewhere provided in the act. Section 3 makes it the duty of the department to enforce the provisions of the act, and gives authority to the vehicle commissioner to adopt and enforce such administrative rules and regulations as may be necessary to carry out the provisions of the act. Sections 8 to 22, inclusive, provide for the registration of vehicles owned by residents and the issuance of metal license plates with certain exceptions such as farm tractors and road machinery temporarily using the highways. Section 19 (a) permits the vehicles of nonresident owners registered in the state of residence to be operated within the state without registration unless (b) operated for compensation or the transportation of merchandise, or unless (c) used by the nonresident in carrying on business within the state. Under subdivisions (b) and (c) the vehicle must be registered and the same license taxes therefor as required with reference to like vehicles owned by residents of the state must be paid. Section 25 divides vehicles into different classes and fixes a base rate of 68 cents per horse power, with additional amounts based on the rated net carrying capacity, kind of tires, whether solid or pneumatic, for trucks and tractors. The horse power of each vehicle is to be determined by the department, all ve-

hicles of the same make and model to have the same rating. The department has formulated and published schedules showing the rates to be applied to all vehicles. The paragraph dealing with the rate of tax on vehicles of the second class is as follows:

"For each vehicle of the Second Class an annual license tax, based upon the rated net carrying capacity plus the actual horse-power rating, which shall be determined by the Department, shall be collected by the Commissioner, or such agency as he may designate, in the amount fixed in the following schedule per thousand pounds carrying capacity plus the rate per horse-power, to wit:

| | Rate per 1,000 Lbs. | | |
| | Solid | Pneumatic | Rate per |
| Pounds | Tires | Tires | Horse-power |
| 750 to 3,000 | 9.00 | 5.00 | 68 cents |
| 3,001 to 5,000 | 11.00 | 10.00 | 68 cents |
| 5,001 to 6,000 | 14.00 | 13.00 | 68 cents |
| 6,001 to 7,000 | 20.00 | 18.00 | 68 cents |
| 7,001 to 8,000 | 28.00 | 26.00 | 68 cents |
| 8,001 to 10,000 | 37.00 | 32.00 | 68 cents" |

Section 15 (a) provides that a vehicle not subject to registration prior to January 31 of any year may be registered and be entitled to a monthly pro rata reduction of the charges provided for in section 26 [25]; that is to say, if the vehicle is registered in December, it pays only one-twelfth of the annual license fee. Title 6 of the act provides as follows: "That the fees collected under this act on vehicles shall be deposited monthly with the State Treasurer to the account of General Highway Fund, to be drawn on for the necessary expenses in carrying out the provisions of this act for construction and maintenance of State Highways."

Section 30 provides a penalty for the violation of the provisions of the act of a fine of not more than $500 or imprisonment of not more than six months or both such fine and imprisonment.

### Conclusions of Law.

Considering the expressed intention of plaintiff to operate at least 50 different trucks in Louisiana within the year, the average annual tax for which would be approximately $4,194.80, and also considering the penal provisions of the act and the value of the right to do business, a prima facie showing is made of sufficient amount to give the court jurisdiction.

Defendant's contention that plaintiff has an adequate remedy at law rests on the assumption that the highway commission is a body politic and may sue and be sued, Saint v. Allen, 172 La. 350, 134 So. 246, and that

therefore the taxes might be paid under protest and a suit brought to recover them back. The general rule in Louisiana is that a suit will not lie to recover taxes paid under protest. Ohio Oil Co. v. Conway, 279 U. S. 813, 49 S. Ct. 256, 73 L. Ed. 972. The highway commission has the right to administer the funds collected from vehicle taxes for the purpose of building and improving the highways, but the funds are nevertheless in the custody of the state treasurer, and it is doubtful that a suit could be maintained for the recovery of taxes unlawfully exacted. It is elementary that equity has jurisdiction unless the remedy at law is plain, adequate, and complete and as efficient to the ends of justice as the remedy in equity. Where the remedy at law is doubtful, equity jurisdiction will be maintained.

Passing to the exception of no cause of action, it is plain that the act makes no discrimination between residents and nonresidents. It cannot be said that plaintiff has been discriminated against in its administration, considering the privilege accorded it, as a matter of comity, of operating two trucks monthly without paying the license fees. Nor does it appear that there is any inequality in the classification of vehicles for the purpose of imposing the taxes. Necessarily some one in authority must determine the horse power of the engine and the rated carrying capacity of vehicles. It is not suggested that the department has acted arbitrarily or contrary to standard formulæ in doing so. A case violating the Fourteenth Amendment is not presented.

Undoubtedly, as applied to plaintiff, the tax is imposed upon interstate transportation. However, a state may impose a tax upon a motor vehicle moving in interstate commerce over her highways if it is not unreasonable and the tax is used exclusively for the purpose of building and maintenance of those highways. The registration and license taxes on vehicles in Louisiana imposed by Act No. 297 of 1928 are exclusively so used and are not for the general expenses of the state. There is nothing to show that they are excessive. The tax, collection of which is sought to be enjoined in this case, is not unreasonable and is a valid exercise of state authority. Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. State of New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Clark v. Poor, 274 U. S. 554, 47 S. Ct. 702, 71 L. Ed. 1199; Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966; Storaasli v. Minnesota, 283 U. S. 57,

51 S. Ct. 354, 75 L. Ed. 839; Cf. Sprout v. City of South Bend, 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45; Interstate Transit, Inc., v. Lindsey, 283 U. S. 183, 51 S. Ct. 380, 75 L. Ed. 953.

The motion to dismiss will be sustained and the bill dismissed.