CHARLES T. FISHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47047, 51044, 55321. Promulgated August 18, 1933.

*J. Marvin Haynes, Esq.*, and *Robert H. Montgomery, Esq.*, for the petitioner.

*W. F. Gibbs, Esq.*, for the respondent.

OPINION.

SMITH: The question presented by these proceedings is whether the petitioner is liable to income tax in respect of any portion of the dividends received by the trustees for the Charles T. Fisher Trust for any of the years 1924 to 1928, inclusive. The respondent contends that the trust is a revocable trust and that the petitioner is liable to income tax in respect of such portion of the corpus of the trust as the petitioner might at any time revest in himself over the amount required to be paid by him for the acquisition of such part of the corpus.

The applicable statutes are subdivision (g) of section 219 of the Revenue Acts of 1924 and 1926, and section 166 of the Revenue Act of 1928, which are identical, and which read as follows:

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

The purpose of section 219 of the Revenue Act of 1924 was declared by the Ways and Means Committee of the House of Representatives (Rept. No. 179, 68th Cong., 1st sess.) to be " to prevent the evasion of taxes by means of estates and trusts. The changes made are quite important." The committee further stated:

Subdivision (g) of this section provides that where the grantor of a trust reserves the right to change the trust in favor of himself the income is taxed to the grantor.

The report of the Committee on Finance (Senate Rept. No. 398, 68th Cong., 1st sess.) upon this section is substantially to the same effect. It states:

Paragraph (g) of this section provides that where the grantor of a trust reserves the right to change the trust in favor of himself the income is taxed to the grantor. * * *

The creation of a revocable trust constitutes nothing but an assignment of the right to receive future income. Since such an assignment does not operate to increase the taxable income of the assignor, the creation of a revocable trust should not so operate, but the income of such a trust should be included in the income of the grantor. The bill so provides.

The petitioner contests the applicability of the above quoted provision of the Revenue Acts of 1924, 1926, and 1928 to the trust here in question upon the ground that the grantor did not reserve the right to revest in himself the assets transferred to the trustees, but merely an option to purchase them, and submits that "'power to revest in himself title to any part of the corpus of the trust', as used in the statutes here involved, obviously does not include * * * all cases in which the settlor can *by any means* whatsoever regain title to the property which he has conveyed to the trust."

In the interpretation of the applicable provisions of the statutes above quoted, the declared purpose of Congress in the enactment of the statute must not be lost sight of. As was stated by the Supreme Court in *Tyler* v. *United States*, 281 U.S. 497, 503, " taxation, as it many times has been said, is eminently practical, and a practical mind, considering results, would have some difficulty in accepting the conclusion " contended for. In *Chicago, M. & St. P. Ry. Co.* v. *Minn. Civic & Commerce Assn.*, 247 U.S. 490, 501, the Court said:

* * * the courts will not permit themselves to be blinded or deceived by mere forms of law but, regardless of fictions, will deal with the substance of the transaction involved * * * as the justice of the case may require.

In *Lucas* v. *Earl*, 281 U.S. 111, it was stated:

* * * But this case is not to be decided by attenuated subleties. It turns on the import and reasonable construction of the taxing act. * * *

In *Corliss* v. *Bowers*, 281 U.S. 376, the Supreme Court had before it a case involving a so-called revocable trust created in 1922. The tax liability arose under the Revenue Act of 1924. The Court held that income from a revocable trust may constitutionally be taxed to the grantor, though actually paid to the beneficiary. In the course of its opinion, the Court, speaking through Mr. Justice Holmes, said:

But taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed—the actual benefit for which the tax is paid. If a man directed his bank to pay over income as received to a servant or friend, until further orders, no one would doubt that he could be taxed upon the amounts so paid. It is answered that in that case he would have a title, whereas here he did not. But from the point of view of taxation there would be no difference. The title would merely mean a right to stop the payment before it took place. The same right existed here although it is not called a title but is called a power. The acquisition by the wife of the income became complete only when the plaintiff failed to exercise the power that he reserved. * * * Still speaking with reference to taxation, if a man disposes of a fund in such a way that another is allowed to enjoy the income which it is in the power of the first to appropriate it does not matter whether the permission is given by assent or by failure to express dissent. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not. We consider the case too clear to need help from the local

law of New York or from arguments based on the power of Congress to prevent escape from taxes or surtaxes by devices that easily might be applied to that end.

The record does not show the fair market value of the 21,000 shares of Fisher Body Corporation stock turned over to the trustees by the petitioner in 1923. No contention is made that the $10 required to be paid by a holder of a class A certificate for the reacquisition of a share of Fisher Body Corporation was a fair consideration for the purchase of such share. For all that the record shows the amount was only a nominal consideration. The dividends received by the trustees upon the stock in 1924 and subsequent years would tend to show that such was the fact. If the fact was otherwise, the burden was upon the petitioner to prove it. He has not carried such burden.

In these proceedings, the respondent is not attempting to tax the petitioner upon the full amount of the income of the trust, but only upon such portion of the income as the revocable portion of the trust bears to the total average value of the trust in each year. He is not attempting to tax the petitioner upon such portion of the income as the cash payment required of the grantor to gain possession of the assets of the trust bears to the total average value of such assets. The petitioner does not question the correctness of such allocation, provided it is held that he is liable to income tax upon any portion of the income of the trust. The allocation made by the respondent is approved.

The petitioner further contends that if it should be held that petitioner's right to purchase was equivalent to the power to revest in himself title to the corpus of the trust, section 219 (g) of the Revenue Acts of 1924 and 1926 and section 166 of the Revenue Act of 1928 are unconstitutional in so far as they affect this trust. In support of such contention the petitioner cites *Reinecke* v. *Smith*, 61 Fed. (2d) 324. This is substantially the same question which was involved in *Corliss* v. *Bowers*, *supra*. The constitutionality of section 219 was sustained. We see no difference in principle between the proceedings at bar and the above cited decision of the Supreme Court.

Reviewed by the Board.

*Judgment will be entered for the respondent.*