*1226 OPINION-.
Aenold :
The first issue in this case is whether the basis for computing gain or loss from the sale in 1930 of certain shares of General Motors Corporation common stock is the original cost to petitioners of the Fisher Body Corporation common stock which they exchanged therefor in 1926, or whether the basis is the fair market value of the General Motors stock at the time of the exchange, and this involves a determination of the question of whether the transaction by which General Motors acquired all the assets of the Fisher Body Corporation was a nontaxable reorganization. Petitioners were stockholders of the Fisher Body Corporation, and upon its dissolution in 1926 surrendered their stock therein and received in exchange shares of General Motors common stock, which they sold in 1930. Petitioners treated the transaction as a nontaxable reorganization, and reported the profit derived from sales of General Motors stock in the subsequent years, to and including the taxable year 1930, computed on the basis of the cost to them of their original Fisher stock.
Respondent accepted as correct the method of computing the profits as reported by petitioners in their returns, and the present deficiency does not result from any adjustments of such profits by respondent. However, in 1934 petitioners filed an amended pleading herein substantially to the effect that they had overstated the taxable gain realized from the sales of General Motors stock, for the alleged reason that the transaction between the General Motors Corporation and the Fisher Body Corporation in 1926 did not constitute a reorganiza-I tion, and that the proper basis of the shares of General Motors stock | received in exchange for the Fisher stock was the fair market value of lithe General Motors stock at the time of the exchange.
Respondent contends that the transaction in 1926 between the two corporations mentioned constituted a nontaxable reorganization, and that the petitioners computed upon the correct basis the profits derived from the subsequent sales of General Motors stock. Respondent further asserts that since petitioners reported no gain in their returns from the exchange of the Fisher stock for the General Motors stock in 1926, but at all times treated the transaction as a nontaxable reorganization until after limitations had barred adjustment of their *1227 tax liability for 1926, they are now estopped to change their position and assert otherwise, to the injury of the Government.
Petitioners take the position that the Fisher Body Corporation was first dissolved and afterwards its assets were transferred by the directors to the General Motors Corporation in exchange for shares of the latter stock, and that the exchange was pursuant to the dissolution of the Fisher Body Corporation, and was made by the directors as trustees for the stockholders. It is argued, therefore, that the transaction was not a reorganization, and that any gain derived in that connection was taxable, and hence petitioners are entitled to a new cost basis for the General Motors stock received in exchange for their Fisher stock.
We are not impressed by this argument. There is no evidence before us that the directors of the Fisher Body Corporation were acting as trustees for the stockholders rather than for the corporation. A corporation can act only through its officers or directors, and while the Fisher Body Corporation had been formally dissolved prior to the exchange of its assets for General Motors stock, it was continued in existence as a matter of law for the purpose of disposing of its assets, distributing the proceeds, paying debts, and otherwise winding up its affairs. Hence it must be assumed that the Fisher directors were acting for the corporation in transferring the assets to General Motors. Taylor Oil & Gas Co. v. Commissioner, 47 Fed. (2d) 108; certiorari denied, 283 U. S. 62; Northwest Utilities Securities Co. v. Commissioner, 67 Fed. (2d) 619; Hellebush v. Commissioner, 65 Fed. (2d) 902.
The record does not show that the Fisher assets were transferred by the corporation to its directors as trustees for the stockholders, but only that pursuant to dissolution the assets were transferred by the directors to General Motors for stock of the latter.
It is to be noted that the Fisher Body Corporation joined with the directors in effecting such transfer; that the corporation received the proceeds of the exchange, and through its agent, the stock transfer department of the General Motors Corporation, made distribution thereof to its stockholders. While it is true that the Fisher assets were transferred pursuant to the dissolution of the corporation, such transfer was nevertheless also pursuant to a definite plan of reorganization formally adopted by the directors of the Fisher Body Corporation. The plan of reorganization contemplated and required the dissolution of the transferor corporation, and the entire transaction was carried out step by step as provided for in the prearranged plan.
Section 203 (h) (1) of the Revenue Act of 1926 defines the term “reorganization” as meaning, among other things, “A merger or con *1228 solidation (including the acquisition by one corporation of * * * substantially all the properties of another corporation)
It is not contended here that there was a strict statutory merger or consolidation, but that the transaction partook “of the nature of a merger”, which is sufficient to constitute a reorganization within the purview of the above statute where in that connection one corporation acquires substantially all the properties of another corporation. Pinellas Ice & Cold Storage Co. v. Commissioner, 287 U. S. 462. General Motors Corporation acquired all the properties of the Fisher Body Corporation in exchange for shares of its stock, merged the Fisher business with its own, and thereafter operated the two businesses as a single enterprise. Thus the transferor acquired a substantial interest in the transferee corporation. The Fisher stockholders then exchanged their stock in that corporation for General Motors stock, and so retained a substantial and continuing interest in the transferred assets. The transaction constituted a reorganization. Helvering v. Minnesota Tea Co., 296 U. S. 378; Helvering v. Winston Brothers Co., 76 Fed. (2d) 381; Milton Smith, 34 B. T. A. 702.
Petitioners having exchanged their stock in the Fisher Body Corporation, a party to the reorganization, solely for stock in General Motors Corporation, also a party to the reorganization, all pursuant to the plan of reorganization, it follows that no gain or loss resulting therefrom was recognizable for tax purposes. Sec. 203 (b) (2), Revenue Act of 1926. Petitioners, therefore, properly reported no ⅞ gain from the transaction in 1926. It likewise follows that the basis '¡for computing gain from the sales by petitioners of their General ¡i Motors stock in 1930 was “the same as in the case of the property ¡' exchanged”, that is, the cost of their Fisher stock. Sec. 113 (a) (6), ) Revenue Act of 1928. The contention of petitioners on this issue is ⅜ denied.
Having reached the foregoing conclusion, it becomes unnecessary to consider the question of estoppel raised by respondent.
The second issue involves the taxability to petitioner Charles T. Fisher of certain income received in 1930 by the trustees of the Charles T. Fisher Trust under the facts and circumstances set out hereinabove. The same question, arising under the same facts but relating to income received by the trustees in prior years, was decided by the Board adversely to petitioner in Charles T. Fisher, 28 B. T. A. 1164. We hold that this income was taxable to Charles T. Fisher.
Petitioners do not press this issue here, but state in their brief that the point is reserved on appeal to the Circuit Court of Appeals, *1229 if such an appeal should be taken. Respondent’s action on the second issue is approved.
The third issue involves the deduction to which petitioners are entitled on account of charitable contributions made during the taxable year. The parties have stipulated, and we have found, that petitioners made such contributions within the meaning of section 23 (n) of the Revenue Act of 1928 in the amount of $112,996.87. In computing the deficiency respondent allowed no deduction for charitable contributions for the reason that all of petitioners’ income was determined to be capital gain, which respondent held was not includable in computing such deductions. Subsequently, the Supreme Court, in Helvering v. Bliss, 293 U. S. 144, ruled that a taxpayer is entitled to include capital gain in net income in determining the base for computing the 15 percent deduction allowable for charitable contributions, and respondent now confesses error. Respondent’s action on this issue is reversed, and the deduction to which petitioners are entitled will be computed under the limiting provision of the statute last above referred to.
Reviewed by the Board.

Judgment will be entered under Rule 50.