J. W. Donahoo *et al. v.* Mason & Dixon Lines, Inc., *et al.*

(*Knoxville,* September Term, 1955.)

Opinion filed December 9, 1955.

CLARENCE A. BALES, of Jefferson City, for complainants.

GEORGE F. McCANLESS, Attorney General, ALLISON B. HUMPHREYS, Solicitor General, MILTON P. RICE, Assistant Attorney General, for defendant GEORGE F. McCANLESS.

HALE & WISECARVER, of Jefferson City, for defendant C. F. Noe.

EDGERTON, McAFEE, ARMISTEAD & DAVIS, all of Knoxville, for defendant Bush Bros. & Co.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This case was filed by complainants as citizens, residents, and taxpayers of Jefferson County in behalf of themselves and others of like status against defendants engaged in hauling by truck of heavy loads of freight over the highways in the County of Jefferson in the State of Tennessee. The object of the bill was to obtain a declaratory judgment as to the validity of certain general statutes of the State.

The bill attacks Chapter 3, Public Acts of 1953, by which the maximum gross weight permitted to be hauled over the highways of the State was increased from 42,000 pounds to 55,980 pounds for certain classes of vehicles and an injunction is sought against the defendants from availing themselves of the increased gross weight provisions.

An attack is also made on Code Sec. 2680.48 of the 1950 Code Supplement dealing with reciprocal agreements concerning use of the highways by non-residents. The same is alleged to be unconstitutional and void. The defendants demurred to the bill on the ground that the Acts in question were duly enacted by the Legislature of the State, signed by the Governor and that the matters contained in said Acts are such matters as come exclusively within the valid exercise of the legislative powers of the State. The Chancellor sustained the demurrer and dismissed the bill. Hence this appeal.

Briefly stated, the substance of the bill is that said Act increasing the load limit is invalid for the reason that it was secured by and for the benefit of the heavy truckers and that instead of being for the public good and welfare it is quite the contrary and will in a short period of two years, cause the destruction of our system of highways which will necessitate the levying of taxes for the purpose of rebuilding same. Furthermore, that said alleged destruction of the highway system will be facilitated and accelerated by reason of said Code Sec. 2680.48 of the 1950 Supplement, and that the officials of the State have already made some reciprocal agreements which permit non-resident truckers to use our roads without paying for the privilege.

There is exhibited to the bill the printed pamphlet containing a report of experiments made by the State of Maryland with reference to the effect of different weights of trucks, etc., on the highways.

The first assignment of error is that the Chancellor erred in holding that the legislative control over the highways and other property of the State is exclusive and unlimited and not subject to judicial review. Of course the Chancellor made no such ruling.

■ As pointed out in *Peay* v. *Nolan,* 157 Tenn. 222, 228, 7 S. W. (2d) 815, 816, 60 A. L. R. 408:

"The courts recognize that the legislative department, within its legitimate sphere, possesses all power not withheld by the Constitution."

Therefore, unless these complainants have pointed to some provision of the Constitution of Tennessee or of the United States which has been violated by these Acts under attack, there is nothing else proper for the consideration by the Courts.

■ ■ The second assignment of error is directed at the failure of the Chancellor to hold that Chapter 3, Acts of 1953, violates Art. II, Section 17, of the Constitution because (1) its body is broader than its caption, and (2) it contains two distinct and unrelated subjects. The caption is:

"An Act to amend sections 2680.75, 2706, 2715.3 and 2715.5 of the Supplement to the Code of Tennessee, said sections relating to the registration and weight of freight motor vehicles."

There is no merit in this first insistence. The reference alone to the section numbers of the official Code is sufficient without the additional language. *Memphis Street Ry. Co.* v. *State,* 110 Tenn. 598, 75 S. W. 730; *Block Coal & Coke Corp.* v. *Case,* 193 Tenn. 377, 246 S. W. (2d) 52.

The second insistence that the Act embraces both a penalty statute and the licensing regulation, and that the same are unrelated, is also without merit. Both statutes are germane to the single subject of the Act, that is to regulate and enforce the weight provisions with reference to those using the highway.

■ ■ The third assignment of error complains of the refusal of the Chancellor to hold that both Chapter 3, Acts of 1953, and Section 2680.48 of the Supplement are viola-

tive of the Due Process clause and the Law of the Land clause, being Art. I, Section 8, and Art. I, Section 11, of the State Constitution and of the 5th and 14th Amendments to the Constitution of the United States.

We call attention to the fact that the first ten Amendments to the United States Constitution are restrictions upon the National Government only, and not at all upon the States. Hence the 5th Amendment has no relevancy to the present subject.

With reference to the 14th Amendment to the United States Constitution, in *Bode* v. *Barrett,* 344 U. S. 583, 586, 73 S. Ct. 468, 471, 97 L. Ed. 567, appeal from Illinois, 412 Ill. 204, 106 N. E. (2d) 521, the Supreme Court said this:

"We need notice only one other argument and that is that the statute requires Illinois residents to pay the tax, whereas nonresidents are exempted provided the states of their residence reciprocate and grant like exemptions to Illinois residents. That objection, so far as the Fourteenth Amendment is concerned, was adequately answered in *Storaasli* v. *State of Minnesota,* 283 U. S. 57, 62, 51 S. Ct. 354, 355, 75 L. Ed. 839. And contrary to appellants' suggestions, that kind of reciprocal arrangement between states has never been thought to violate the Compact Clause of art. I, § 10 of the Constitution (citing cases)."

The remainder of this assignment must be overruled for the reason that it is settled that the Legislature has plenary power to regulate and limit the gross weight, dimensions and loads of vehicles using the State's highways. *Hoover Motor Express Co.* v. *Fort,* 167 Tenn. 628, 72 S. W. (2d) 1052; *Sproles* v. *Binford,* 286 U. S. 374, 52 S. Ct. 581, 76 L. Ed. 1167. While the allegation is that

these Acts authorize a destructive use of highways for personal profit of a few heavy truckers so that it is neither the Law of the Land nor Due Process within the meaning of those terms, this is merely the insistence of the pleader. Actually, there is nothing of that sort to be found in these Acts which contain only matters on which the Legislature is fully empowered to act.

■ ■ The fourth assignment of error insists that both of these Acts violate Art. I, Section 1, of the State Constitution in that they are for public injury and not public welfare and contrary to the purpose of Government. This is answered by what has been said immediately above under the third assignment. Even if the Legislature has made a mistake of judgment in the exercise of its discretion with reference to maximum weight loads, that is a matter entirely within their sphere of action and it is not within the province of the Courts to undertake to correct any such mistake of judgment.

■ The fifth assignment insists that Code Sec. 2680.48 is violative of Art. II, Section 28, in that it grants special privileges and immunities to one small group. This has reference to the provision for reciprocal agreements between states. The insistence is that this Act attempts to enable our State authorities to use the property of the State, that is, the roads, as a consideration for a contract with other states to obtain an exemption of non-residents from the payment of charges for the use of our roads in order that a small group, to-wit:—the heavy truckers of this State may be exempt from charges in the reciprocating states.

First, it should be stated that said section simply provides in part, as follows:

"The Commissioner of finance and taxation of this state is authorized to enter into reciprocal agree-

ments with proper officials of other states of the United States under which agreements motor vehicles of non-resident owners properly licensed and bearing license tags or plates of such states may be operated over the highways of the state, and without being registered or licensed in said state; * * *."

The Act does not refer to any class of citizens of Tennessee but applies in like manner to all citizens and classes of citizens, so that anyone who can may bring himself within its terms. It has been specifically held by the United States Supreme Court that the financial inability of any individual or corporation to bring itself within the provisions of the law is not material to the inquiry. The brief of complainants admits some states have upheld these reciprocal agreements, but unwisely so. *Shuba* v. *Greendonner,* 271 N. Y. 189, 2 N. E. (2d) 536; *Johnson* v. *City of Paducah,* 285 Ky. 294, 147 S. W. (2d) 721; *State* v. *Caplan,* 100 Vt. 140, 135 A. 705; *Interstate Trucking Co.* v. *Dammann,* 206 Wis. 116, 241 N. W. 625, 82 A. L. R. 1080; *State* v. *Lawrence,* 108 Miss. 291, 66 So. 745.

Counsel insists that those cases, however, have no application to our present situation in that their Constitutions were different, also that there was no showing their highways were unsuited for the traffic authorized, whereas here there is such an allegation. We call attention to the following cases where the constitutional provision similar to ours existed and such statutes or ordinances for exemption of non-residents from registration and tax on the vehicle were valid. *City of Newport* v. *Merkel Bros. Co.,* 1913, 156 Ky. 580, 161 S. W. 549; *Ft. Smith* v. *Scruggs,* 70 Ark. 549, 69 S. W. 679, 58 L. R. A. 921. The Arkansas case was one involving municipal ordinance taxing residents of the city for the use of vehicles on the

streets but not on non-residents of the city. This classification was held reasonable. *Kersey* v. *Terre Haute,* 161 Ind. 471, 68 N. E. 1027.

It would seem well settled that the State may either tax non-residents for the use of the highways as in *Kane* v. *State of New Jersey*, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222, or the State may fail to tax non-residents or it may specifically exempt them. Therefore, it would seem that the State would be authorized to grant the exemption to non-residents on condition that the State of the non-resident grant exemption to our citizens, so long, of course, as such reciprocal agreements do not unlawfully discriminate against residents of this State.

We find no merit in the last assignment of error which urges that the Legislature should be estopped to authorize any use of the public highways or other property for personal profit which would cause their rapid deterioration or destruction. This has been disposed of by what has been said heretofore. It seems obvious that there could be no estoppel of the Legislature to raise the load limit from 42,000 pounds to the present load limit, as that is a matter for the consideration of each Legislature before whom the question arises.

All assignments of error are, therefore, overruled.

It was insisted at the outset by the defendants that since the bill shows that the only interest of complainants is as citizens and taxpayers which they share in common with all other taxpayers of the State, they have no special interest entitling them to attack these Acts. It is well settled, however, that a taxpayer who alleges unlawful Acts on the part of the Legislators or any other State officials which put him in immediate danger of having his tax burden increased is entitled to maintain his bill. Having considered the bill in this

cause carefully we think that complainants have failed both to show any unlawful Acts and any immediate danger of having their tax burden increased. For that reason also, the bill should be dismissed.

Let the decree below be affirmed with costs.