**D. C. HALL COMPANY, Appellant,**

v.

**STATE HIGHWAY COMMISSION,**
Appellee.

No. 5394.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1959.

Rehearing Denied Jan. 13, 1960.

Christopher & Bailey, Fort Worth, for appellants.

Will Wilson, Atty. Gen., C. K. Richards, Asst. Atty. Gen., for appellee.

LANGDON, Chief Justice.

This is an appeal growing out of an action for declaratory judgment brought by the State Highway Commission, appellee herein, against appellant, D. C. Hall Company, a Delaware corporation with authority to do business in Texas; and Braswell Motor Freight Lines, Inc., a Texas corporation. Both corporations do business in Texas and each has designated 201 Raynolds Boulevard, in the City of El Paso, El Paso County, Texas, as its registered office and principal place of business in the State of Texas. Appellee sought a declaratory judgment that either D. C. Hall Company or Braswell Motor Freight Lines, Inc., must register in Texas, 95 semi-trailers owned by the Braswell Lines, but which were in the legal possession and under the legal control of appellant, D. C. Hall Company, pursuant to the terms of a lease contract between Braswell Motor Freight Lines, Inc. and the appellant.

Appellant, D. C. Hall Company, is also authorized to do business in the State of Mississippi, and maintains a place of business at Jackson, Mississippi, from which

point said semi-trailers are operated exclusively in interstate commerce to points in Texas, Oklahoma, Tennessee and Louisiana. All of the semi-trailers are registered for operation over the highways of Mississippi.

Appellee, the State of Texas, contends that, since both corporations—Braswell Motor Freight Lines, Inc. and D. C. Hall Company—are each an owner of the semi-trailers in question, and since both corporations are residents of El Paso County, Texas, the provisions of Article 6675a–2, Vernon's Texas Civil Statutes, require said semi-trailers to be registered in El Paso County, Texas. Appellant, D. C. Hall Company, contends that said semi-trailers should be registered in the State of Mississippi, where they are, in fact, registered.

The case was tried upon an agreed statement of facts, together with a limited amount of oral evidence. The trial court rendered judgment, holding the lease of said semi-trailers from Braswell Motor Freight Lines, Inc., to appellant, valid, and dismissed Braswell Motor Freight Lines, Inc. from the suit with its costs; and further held that D. C. Hall Company, being a bona fide resident of El Paso County, Texas, and the owner of said trailers, was required to register the vehicles in question in El Paso County.

Appellant filed motion for new trial and motion for additional findings of fact. Additional findings of fact were made, but the motion for new trial was overruled. Appellant excepted and gave notice of appeal; and, thereafter, duly perfected. its appeal to this court.

Seven points of error are assigned by appellant, of which the first five have been grouped for purposes of argument in appellant's brief, and they will be discussed by us in the same manner.

The first five points each relate to the construction placed by the trial court on Article 6675a, sections 1–16, inclusive, Ver-

non's Texas Civil Statutes, and the reciprocity agreement between Texas and the State of Mississippi.

By Points 1–5, appellant contends that the State of Texas, by the terms of its reciprocal agreement with Mississippi, has added a substantial and vital element to the meaning of the word "resident"; and that a distinction must be made between the meaning of the word "resident" for purposes of registration of motor vehicles, and the meaning of the word "resident" as generally applied in corporate law; that appellant is a corporate resident of both Texas and Mississippi, but, for purposes of registration of its vehicles under Article 6675a, sections 1–16, V.A.T.S., and under the terms of the reciprocal agreement between Texas and Mississippi, is a resident of Texas, and is a resident of Mississippi as to such of its vehicles as are actually located in Mississippi; appellant, being a corporate resident of both states, is entitled to full benefits of reciprocity, regardless of the state in which the vehicles are registered, so long as the vehicles are registered in the State where they are actually located and stationed, because, under the statute and the reciprocity agreement there are no exclusions except as to those carriers for hire who, or which are, residents of neither State; that appellant has both a corporate residence under generally applied corporate law and a residence based upon the location of its vehicles, for purpose of registration under the reciprocity agreement.

Article 6675a–2, Vernon's Texas Civil Statutes, provides in part:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * * *"

Section 16 of the same Article, in subdivision (a) thereof, provides:

"In addition to and regardless of the provisions of this Act, or any other Act relating to the operation of motor vehicles over the public highways of this State by non-residents, the * * * State Highway Engineer is hereby authorized to enter into agreements with duly authorized officials of other States exempting the residents of such other States using the public highways of this State from the payment of registration fees for such periods or extensions of time as may be granted residents of Texas using the public highways of such other State."

■ Section 2 of the above quoted statute clearly applies to "residents" of the State of Texas, and requires every such owner of a semi-trailer used or to be used upon the public highways of this State to register each such vehicle with the State Highway Department through the County Tax Collector of the county in which he resides.

■ The language of Section 16 of the statute is equally clear, and is susceptible of but one meaning. It is concerned with and relates only to the operation of motor vehicles over the public highways of this State by "non-residents." It authorizes and grants authority to the State Highway Department acting by and through its State Highway Engineer, to enter into agreements with other states, exempting the "residents of such other States", using the highways of this State, from the payment of motor vehicle registration fees.

Section 16 of the statute is the power of attorney under which the State Highway Department is authorized to enter into such reciprocal agreements with other states. The State Highway Engineer's authority is limited to only such powers as are expressly conferred upon him by law, or are necessarily implied from the powers so conferred. He can no more transcend the power given by an act of the legislature to him than can the agent of an individual principal. Thus, we must look to the statute under which the officer purports to act to ascertain the extent of his authority.

■ We are of the opinion that the Act in question does not authorize the State Highway Department to "exempt residents of the State of Texas" from the payment of the registration fees imposed by the laws of this State on vehicles owned or controlled by Texas residents and used or to be used upon the public highways of this State; nor is such authority necessarily implied from the powers expressly conferred.

■ The trial court found as a fact, and it is conceded by appellant, that D. C. Hall Company is a bona fide resident of both the State of Texas and the State of Mississippi. Consequently, it is a "non-resident" of neither state.

■ Reciprocity agreements between states, such as the one presented on this appeal, the terms of which need not be set out here, do not possess the dignity of treaties, nor do we agree with appellant's contention that such agreements are governed by rules of international law. The Texas-Mississippi agreement may be terminated at the will of either state on thirty days' notice. Its terms are simple and, essentially, it provides that one of the contracting states gives to the residents of the other "exemption" from the payment of vehicle registration fees, on condition that its own residents shall enjoy similar exemptions at the hands of the other.

Appellant contends that, since it is a resident of the State of Mississippi, one of the contracting states in the Texas-Mississippi reciprocity agreement, it is a "resident of such other state" within the meaning of the statute, regardless of the fact that it is also a resident of the State of Texas. Appellant argues that, since it is a resident of both states and has seen fit to register some of its vehicles "as a resident of Mississippi," in that State, it should not be required to reg-

ister the same vehicles in Texas when those vehicles reach the Texas line, just because appellant, as the owner of the vehicles, is also a resident of Texas.

While we admire the ingenious argument presented by appellant's very able counsel, we are not persuaded by it. He asks:

"Can it be logically argued that Texas may treat a nonresident with greater consideration and cordiality than it treats one of its own residents, albeit such a one is also a resident of Mississippi?"

We think the answer to this question depends upon the application of the statute, Article 6675a, sections 1–16 inclusive, and the terms of the reciprocal agreement to each individual fact situation. Bona fide residents of Mississippi who are "non-residents" of Texas, clearly, would not be required, under the terms of the reciprocity agreement, to pay the Texas motor vehicle registration fee on vehicles owned or controlled by such persons except where such vehicles are located in Texas (the non-resident State) for thirty or more consecutive days. In the absence of any reciprocity agreement, it is equally clear that all bona fide residents of Texas who own or control vehicles used or to be used on the public highways of this State, must register and pay the fees imposed by the laws of this State on such vehicles.

We do not believe that a resident of Texas, who is required to do no more than conform to the same laws to which all other residents of Texas are subjected, may lawfully be heard to complain that he is being discriminated against merely because the reciprocity agreement in question exempts non-residents of Texas, who are bona fide residents of the State of Mississippi, from paying the registration fees in question.

The benefits of the reciprocity agreement are not available to persons who are residents of neither of the contracting states; and, by the same token, such benefits are not available to persons who are residents of each of the contracting states.

Appellant became a resident of the State of Texas at its own request. It asked for, and was granted, the privilege of doing business in the State of Texas; it accepted this privilege and has exercised the right, but seeks to avoid the burdens incident thereto. It claims the right to be treated, not in the same manner that this State treats all other residents of Texas, but insists that the State of Texas should accord to it the exemptions this State has granted and accords to residents of the State of Mississippi under the terms of the Texas-Mississippi reciprocity agreement.

As we view it, appellant's argument is to the effect that, since it is also a resident of the State of Mississippi, it should, "as a resident of such other State", be accorded the prerogatives and privileges of a guest from Mississippi while in Texas, and deplores the fact that Texas has treated it just like "home folks" by asking that it help with the dishes after the feast. In the same breath, appellant contends that, as a "resident of Texas", Texas should not treat appellant—one of its own residents—with less consideration and cordiality than is extended by Texas to residents of Mississippi who are non-residents of Texas.

The purpose of reciprocity agreements is not to effect a change in the relationship between one of the contracting states and its own residents, it being neither the desire nor purpose of either of the contracting states merely to exempt its own residents from compliance with its own internal laws. It is elementary that if such were the purpose to be accomplished, it could best be done by unilateral action on the part of the legislatures of the respective states, and that no agreement to do so would be necessary.

One may not seek to acquire the benefits, alone, and thus deny or refuse to assume the burdens and responsibilities of such residence. The trial court, having found, and appellant, having conceded, that it is a bona fide resident of the State of Texas,

we therefore hold that appellant may not, as a resident of this State, claim exemption from the payment of the registration fees imposed by Article 6675a, supra, and we also hold that the benefits of the Texas-Mississippi reciprocity agreement are not available to one who is a resident of both Texas and Mississippi. For the benefits to be available, such person must be a resident of one of the states and a non-resident of the other. Hilburn v. Herrin Transp. Co., Tex.Civ.App., 197 S.W.2d 149.

■ Appellant further contends that there is a distinction between the "corporate residence" it admits having acquired in each of the involved states (under generally applied corporate law), and a residence based upon location of the vehicles for purpose of registration under the reciprocity agreement. We agree with appellant's contention in this respect, only to the extent that appellant would not be required to register and pay fees in Texas upon vehicles owned and controlled by it, provided such vehicles are located or domiciled in another state and are *not used or to be used upon the public highways of Texas*. A resident of Texas may not operate vehicles which are owned or controlled by him upon the public highways of this State and avoid payment of the registration fees imposed by the laws of this State, by locating such vehicles in another State.

We believe the foregoing discussion and holding disposes of all the questions raised by appellant's first five points; and, having considered each of said points, they are accordingly overruled.

By Points 6 and 7, appellant contends that, unless Article 6675a–16 and the reciprocity agreement between Texas and Mississippi are given the construction and interpretation contended for, both Section 16 of said Article and the reciprocity agreement are unconstitutional, and would result in that type of discrimination prohibited by the Fourteenth Amendment of the Constitution of the United States, and would constitute the imposition of an unlawful burden

of multiple taxation on the privilege of carrying on an exclusively interstate business, which is prohibited by Article 1, section 8, clause 3, of the Constitution of the United States.

■ The registration of motor vehicles operated over public highways of Texas, whether such operation is in interstate commerce or intrastate commerce, and the payment of fees for such registration under the provisions of Article 6675a, V.A.T.C.S., is a privilege tax in the nature of a license, or toll, for the use of the public highways in Texas. Payne v. Massey, 145 Tex. 237, 196 S.W.2d 493.

Registration in the State of Mississippi of the vehicles of a resident of Texas does not confer upon such resident the right of the free use of the highways of this State, albeit such resident is also a resident of Mississippi.

■ Free use of the public highways of Texas by non-resident owners is a matter of reciprocity, and is a privilege accorded the non-resident owner whose own state accords the same privilege to residents of Texas.

■ It is well settled that the power of a state to regulate the use of motor vehicles on its highways extends to non-residents as well as residents, and that it may prohibit the use of its highways by foreign motor vehicles unless and until such vehicles are licensed in accordance with its laws. When the privilege applies equally to residents and non-residents, and to intrastate and interstate commerce alike, it is not discriminatory. Hendrick v. State of Maryland, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385; Kane v. State of New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Storaasli v. State of Minnesota, 283 U.S. 57, 51 S.Ct. 354, 75 L.Ed. 839; State v. Garford Trucking, Inc., 1950, 4 N.J. 346, 72 A.2d 851, 855, 16 A.L.R.2d 1407.

The opinion in the Garford Trucking, Inc. case, supra, passes on the identical questions raised by appellant in its points of error numbers six and seven, and we believe the rules laid down there are applicable here. The New Jersey statute authorizing reciprocity is similar to Article 6675a–16. In that case, the court held, in part, as follows:

"It does not matter that here the vehicle was engaged in interstate commerce. The regulation does not impose a direct and material burden on interstate commerce. It constitutes a reasonable exercise of the police power for public safety and order in a field not occupied by the Federal authority. Hendrick v. State of Maryland, 1914, 235 U.S. 610, 35 S.Ct. 140, 59 L.Ed. 385. The power of the state to regulate the use of motor vehicles on its highways extends to nonresidents as well as residents, and 'includes the right to exact reasonable compensation for special facilities afforded as well as reasonable provisions to insure safety.' Kane v. State of New Jersey, 1916, 81 N.J.L. 594, 80 A. 453 (E. & A.1911), affirmed 242 U.S. 160, 37 S.Ct. 30, 31, 61 L.Ed. 222."

As to the contention that the registration and payment of the license fees was violative of the "equal protection" clause of the Fourteenth Amendment to the Constitution of the United States, the court said:

"The failure to extend the benefits of the reciprocal clause to vehicles of resident owners registered outside of the State does not constitute a denial of the equality of right guaranteed by the equal protection clause. The design of the statute is to place resident and nonresident owners upon a parity as respects the operation of motor vehicles outside of the jurisdiction of registration. The State may exempt the nonresident owner from the obligation of registration, but it is under no duty to include in that category the resident owner of vehicles registered elsewhere. There was no arbitrary selection here. The classification was based upon substantial differences related to the policy of the act and the object to be achieved, and is in no sense capricious or arbitrary. It embraces all and excludes none who naturally belong to the established classes. These are the criteria of conformance to the due process and equality clauses of the Fourteenth Amendment and the State Constitution." (Citing cases.)

Having fully considered appellant's Points 6 and 7, we are of the opinion that same should be overruled. Other contentions made by appellant on this appeal, and raised in connection with the specific points already discussed, have likewise been considered, and same are overruled.

■ In its declaratory judgment the trial court decreed that appellant D. C. Hall Company, as the owner of the vehicles in question, and as a bona fide resident of El Paso County, Texas, is required to register with, and pay the registration fee on, said vehicles to the Tax Collector of El Paso County, Texas. In its findings of fact and conclusions of law, the trial court found that appellant was a resident, not only of El Paso County where it maintained its principal office, but also of Dallas and Tarrant counties, and that appellant could, at its option, register the vehicles in question in any of the counties in Texas of which it was a resident.

In Texas Highway Department v. Kimble County, Tex.Civ.App., 239 S.W.2d 831, the Court of Civil Appeals held that a person, including a corporation, may reside in more than one county; and, in the event the owner resides in more than one county, registration in either county would be valid. In order that the judgment of the trial court may conform to the holding in the Kimble County case, the judgment is modified so as to require appellant to register

the vehicles in El Paso County, or, at its option, in any of the counties in Texas of which it is a resident.

Except as modified above, the judgment of the trial court is affirmed.