Ernest Franklin PHILLIPS,
Plaintiff-Appellant,

v.

ANDERSON COUNTY, Tennessee, et al., Defendants-Appellees.

Court of Appeals of Tennessee,
Eastern Section.

May 31, 1985.

Permission to Appeal Denied by
Supreme Court Sept. 30, 1985.

Robert W. Knolton, of McNees, Lain, Roe & Knolton, Oak Ridge, for defendant-appellee, Anderson County.

H. Rowan Leathers, III, Asst. Atty. Gen., Nashville, for defendant-appellee; W.J. Michael Cody, Atty. Gen., Nashville, of counsel.

J. Anthony Farmer, of Ray, Farmer & Baumgartner, Knoxville, for plaintiff-appellant.

OPINION

FRANKS, Judge.

In this declaratory judgment action, plaintiff sought a declaration that rural elementary and high school bonds issued by Anderson County, pursuant to T.C.A., § 49-3-101, *et seq.*, were in violation of "the Constitution of the State of Tennessee in that it unlawfully provides for the taxation of property within a single political subdivision by a tax levying authority ... on a non-uniform and discriminatory basis." The chancellor granted defendant summary judgment and plaintiff has appealed.

■ Defendant raised the issue of plaintiff's standing by motion to dismiss, which was pretermitted by the chancellor; however, by ruling on the merits of the summary judgment the chancellor implicitly held that plaintiff had standing to raise the substantive issue. The record establishes plaintiff has standing, since his allegations fairly allege the county was acting without authority to impose an unlawful tax or increase plaintiff's tax burden. In *Donahoo v. Mason & Dixon Lines*, 199 Tenn. 145, 285 S.W.2d 125 (1955), the Supreme Court observed:

> It is well settled, however, that a taxpayer who alleges unlawful Acts on the part of the Legislators or any other State officials which put him in immediate danger of having his tax burden increased is entitled to maintain his bill.

*Id.,* at 153, 285 S.W.2d 125.

*Also see Colburn v. Chattanooga,* 2 Shannon Cas. 22 (1876).

The record contains no evidence of any material disputed fact on the issue presented. There are three school systems in Anderson County: Anderson County school system, City of Oak Ridge school system and City of Clinton school system. The City of Clinton school system is made up of schools educating students in grades K-6 who reside in the City of Clinton. The Anderson County school system operates its own elementary schools for county residents living outside of the municipalities of Oak Ridge and Clinton.[1]

The Anderson County school system encompasses two schools located in the City of Clinton: Clinton Junior High School and Clinton Senior High School. Since the City of Clinton has not undertaken to educate its residents in grades 7 through 12, the county is obligated to educate the students residing inside the city limits of Clinton for these grades. The record establishes the Anderson County school system provides for the education of handicapped children at the Daniel Arthur Rehabilitation Center. The City of Oak Ridge operates its own schools, educating grades K through 12 and, likewise, handicapped residents of the City of Oak Ridge may attend the Daniel Arthur Rehabilitation Center.[2]

The record reveals that a few Oak Ridge City students do attend the county schools by permission of the Anderson County system. These students do not pay tuition because they are residents of the county but may be denied permission to attend the county schools if there is no space to accommodate the students and, generally, city residents are denied permission to leave the city school and enter the county school system because of disciplinary reasons or learning disabilities.

The first of the disputed bonds is in the amount of $575,000.00 of rural elementary school bonds issued for the purpose of constructing a county elementary school for areas outside of the cities of Clinton and Oak Ridge, and provides for a special tax

1. The record established that the City of Clinton had recently annexed an area which included an elementary school which was operated by Anderson County.

2. The Daniel Arthur Rehabilitation Center serves Anderson County as well as eleven other counties. The cities of Oak Ridge and Clinton make payment to the Anderson County Board of Education for the residents of the cities who attend the rehabilitation center.

levy applicable only to residents in the areas of the county outside the two municipalities.

The other bond issue, in the amount of $1,875,000.00 of rural high school bonds issued for the construction of a high school and junior high school for the portion of the county located outside the City of Oak Ridge, provides for a tax levy applicable to residents of the county in all areas of the county outside of the boundaries of the City of Oak Ridge.

The plaintiff argues that T.C.A., § 49–3–1001, *et seq.*, allows the levying authorities to levy taxes on a non-uniform and discriminatory basis. He also asserts the action of the commission was not in compliance with the statutory authority set out at T.C.A., § 49–3–1005(b)(1), which provides:

> In the event that there exists any incorporated city or town or special school district within said county which operates its schools independently of such county, the county legislative body, in its discretion, may provide that such bond shall be payable from the taxes levied only upon that portion of taxable property within said county lying outside the territorial limits of such incorporated cities or towns or special school districts so independently operating their schools, and taxes sufficient to pay principal of and interest on such bonds shall be so levied upon such portion of the taxable property lying outside the territorial limits of such incorporated cities or towns or special school districts.

The Supreme Court, in *Guffee v. Crockett*, 204 Tenn. 121, 315 S.W.2d 646 (1958), said this exemption of property from levy of taxes "must necessarily be ascribed to an intent upon the part of the Legislature to avoid the inequity of double taxation upon property within such special school district." *Id.*, at 128, 315 S.W.2d 646.

The plaintiff relies on *Guffee* as authority for his position; however, *Guffee* dealt with a different issue. In *Guffee*, the Franklin Special School District was at-

tempting to recover its *pro rata* share of a bond issue instigated by Williamson County. The litigants were not contesting whether or not the City of Franklin should be taxed to support the bond resolution but rather whether the proceeds of the bond issue should be divided on a *pro rata* basis between the county and City of Franklin, as required by T.C.A., § 49–3–1003(b)(1).[3]

The City of Franklin operated its own elementary schools; however, its high school students attended Williamson County High School, which was owned and operated by Williamson County without any cost to the Franklin School District or its high school students who attended. The Supreme Court said the Franklin School District was not entitled to share in the proceeds of the bond issue sold by Williamson County for the purpose of erecting a high school, giving as reason: "Franklin Special District, operates no high school independent of Williamson County, or any high school at all, and bears no one of the expenses incurred in the operation of such schools, though the eligible students residing therein attend, and as of right, the Williamson County High Schools." *Id.*, at 128–9, 315 S.W.2d 646.

■ In the instant case, the statute provides an exemption to those property owners living in municipalities which operate school districts "independent of" the county school district. As the court in *Guffee* noted, the principal purpose behind these statutes is to prevent the "inequity of double taxation upon property within" special school districts. 204 Tenn., at 128, 315 S.W.2d 646. The bonding arrangements established by Anderson County are designed to avoid such inequities. The elementary school bond issue provides that only Anderson County property owners, and not the residents of the municipalities of Oak Ridge and Clinton, may be taxed to support the issue. On this basis, the two cities are not subjected to double taxation to support the elementary schools. Both the City of Clinton and Oak Ridge operate

---

3. These sections provide in any counties where a city operates schools "independent of" the county, the trustee of the county is required to pay over to the treasurer of the city a *pro rata* share of the bond funds.

their own elementary schools and are already being taxed for these services. The rural junior and senior high school bonds properly require the City of Clinton residents to be subject to taxation with the remaining Anderson County residents, other than the residents of the City of Oak Ridge, since Oak Ridge operates its own junior and senior high schools independent from the Anderson County system. Thus, the residents of Oak Ridge should not be subject to another tax for the operation of the county's junior and senior high schools. The City of Clinton, however, as in *Guffee,* operates no junior or senior high school "independent of" the Anderson County school system since it operates no such schools at all, under the *Guffee* rationale. Accordingly, the City of Clinton residents are properly subject to taxation for the junior and senior high schools operated in part by the county for the benefit of Clinton residents.

This statutory scheme provides a flexible method for financing the needs of school systems and is not offensive to the Constitution.

We affirm the decision of the chancellor and remand at appellant's cost.

PARROTT, P.J., and GODDARD, J., concur.