BODE ET AL. *v.* BARRETT, SECRETARY
OF STATE, ET AL.

NO. 187.

Submitted January 5, 1953.—Decided February 9, 1953.

*Scott W. Lucas, Charles A. Thomas* and *Hugh J. Graham, Jr.* submitted on brief for appellants in No. 187.

*Frank R. Reid, Jr.* argued the cause for appellants in No. 274. With him on the brief were *Sam Alschuler, Ralph C. Putnam, Jr.* and *William C. Murphy.*

*Ivan A. Elliott,* Attorney General of Illinois, and *John T. Chadwell, Frank M. Pfeifer* and *Richard M. Keck,* Special Assistant Attorneys General, submitted on brief for appellees in No. 187.

*Mr. Chadwell* argued the cause for appellees in No. 274. With him on the brief were *Mr. Elliott, Mr. Pfeifer* and *Mr. Keck.*

MR. JUSTICE DOUGLAS delivered the opinion of the Court.

These cases challenge the constitutionality of §§ 9, 11, and 20 of the Illinois Motor Vehicle Law, as amended. Ill. Rev. Stat., 1951, c. 95½. The statute imposes a tax for the use of the public highways and measures the tax exclusively by gross weight of the vehicle. Appellants, most of whom are interstate carriers, challenged the tax as violating the Commerce Clause (Art. I, § 8) of the Constitution and the Due Process Clause of the Fourteenth Amendment. The Supreme Court of Illinois sustained the statute. 412 Ill. 204, 321, 106 N. E. 2d 521, 510. The cases are here by appeal. 28 U. S. C. § 1257 (2).

The main emphasis of the argument is on the Commerce Clause. The argument starts from the premise found in our opinions that a state may levy a tax on an interstate motor vehicle that is "measured by or has some fair relationship to the use of the highways for which the charge is made." *McCarroll* v. *Dixie Lines,* 309 U. S. 176, 181. It is contended that the present tax is not so measured but has the same infirmities as the tax on motor vehicles which the Court invalidated in *Interstate Transit, Inc.* v. *Lindsey,* 283 U. S. 183. An elaborate argument is advanced to the effect that a large fraction of the costs of installing and maintaining highways has

no relation to the weight of the vehicles that pass over them.   Therefore, a tax such as this one, which is determined solely with reference to weight, is a tax part of which is exacted for a purpose other than the use of the highways.

We do not stop to analyze the evidence tendered by appellants.   For we do not reach the issue in this case. It is true that some of the appellants are interstate carriers.   But it is also true that each of the interstate carriers does an intrastate business as well.   The tax is required from any motor vehicle that moves on the highways.   It is, indeed, a tax for the privilege of using the highways of Illinois.   Clearly it is within the police power of Illinois to exact such a tax at least from intrastate operators.   *Hendrick* v. *Maryland,* 235 U. S. 610. No showing has been made by any of the appellants that the tax bears no reasonable relation to the use he makes of the highways in his intrastate operations. No effort is made to show that in that way or in some other manner the tax is increased by reason of the interstate operations of any appellant.   In short appellants have failed to carry the burden of showing that the tax deprives them of rights which the Commerce Clause protects.   Cf. *Southern R. Co.* v. *King,* 217 U. S. 524, 534. The case is therefore to be distinguished from those situations where by nature of the tax or its incidence (*Sprout* v. *South Bend,* 277 U. S. 163, 170, 171; *Spector Motor Service* v. *O'Connor,* 340 U. S. 602, 609) an issue of unreasonable burden on interstate commerce is presented.

The objections under the Due Process Clause of the Fourteenth Amendment are without substance.   The power of a state to tax, basic to its sovereignty, is limited only if in substance and effect it is the exertion of a different and a forbidden power (*Magnano Co.* v. *Hamilton,* 292 U. S. 40, 44), as for example the taxation of a privilege protected by the First Amendment.   See *Murdock* v. *Pennsylvania,* 319 U. S. 105, 112.   No such problem is

even remotely involved here. Complaint is made that private carriers are taxed at the same rate as carriers for hire. Yet so far as the Fourteenth Amendment is concerned, that objection is frivolous, since neither private nor public carriers have the right to use the highways without payment of a fee (see *Hendrick* v. *Maryland, supra*); and we cannot say that the exaction of the same fee from each is out of bounds. Appellants make other arguments to the effect that the statute is so inconsistent, vague, and uncertain in its classification as to violate the Equal Protection Clause of the Fourteenth Amendment. But even if we assume that the vagaries of the law reach that dignity, no showing is made that any of the appellants is the victim of an invidious classification. Cf. *Stephenson* v. *Binford,* 287 U. S. 251, 277.

We need notice only one other argument and that is that the statute requires Illinois residents to pay the tax, whereas nonresidents are exempted provided the states of their residence reciprocate and grant like exemptions to Illinois residents. That objection, so far as the Fourteenth Amendment is concerned, was adequately answered in *Storaasli* v. *Minnesota,* 283 U. S. 57, 62. And contrary to appellants' suggestions, that kind of reciprocal arrangement between states has never been thought to violate the Compact Clause of Art. I, § 10 of the Constitution. See *St. Louis & S. F. R. Co.* v. *James,* 161 U. S. 545, 562; *Kane* v. *New Jersey,* 242 U. S. 160, 168.

*Affirmed.*

MR. JUSTICE BURTON concurs in the result.

MR. JUSTICE CLARK took no part in the consideration or decision of these cases.

MR. JUSTICE FRANKFURTER, whom MR. JUSTICE JACKSON joins, dissenting.

The problem of this case is not met by asserting that a tax ranging as high as $1,580 per truck does not pre-

sent an issue under the Commerce Clause because the carriers do intrastate as well as interstate business and the tax, therefore, does not as a matter of law affect commerce among the States. (The Court apparently deems the size of the tax immaterial since it does not mention the amounts involved.) It has been suggested in a cognate situation, though one involving a comparatively trifling exaction, that interstate commerce is unconstitutionally burdened solely because the taxpayer's interstate business increases the number of trucks on which the tax is levied and hence the total amount due from him. One does not have to embrace this suggestion to find the Court's position in this case unsupportable. For the Court declares appellants' claim under the Commerce Clause baseless although it does not "stop to analyze the evidence tendered by appellants."

The Court disposes of the contention that the judgments below offend the Commerce Clause, by concluding that it need not "reach the issue in this case." Its reasoning is as follows: all the interstate carriers here are engaged in intrastate commerce as well; were they not engaged in interstate commerce at all, they could be taxed on account of their intrastate operations; since none of the appellants thus pays an additional tax for its interstate operations, none is in a position to claim the protection of the Commerce Clause. Consideration of a challenge to a tax under the Due Process Clause, which the Court does undertake (reaching conclusions I agree with), does not, of course, bar appellants from challenging the tax under the Commerce Clause. Hence the Court's refusal, on the ground that it does "not reach the issue," "to analyze the evidence" on which the Commerce Clause contention rests can only mean that the Court finds that appellants had no standing to sue under the Commerce Clause, albeit the formal phrase is withheld.

For this truly startling conclusion we are vouchsafed no authority except: "Cf. *Southern R. Co.* v. *King,* 217 U. S. 524, 534." On its facts the *King* case has nothing whatever to do with the problem before us. The passage to which the citation refers simply repeats the self-evident proposition that only one whose alleged constitutional rights are affected by a State statute can assail it. But whether appellants are so affected is the very question at the threshold of the constitutional issue: is the tax forbidden by the Commerce Clause. Being engaged in interstate commerce, appellants invoke the Commerce Clause against an Illinois statute which affects them because it taxes them. Whether or not the effect on them is unconstitutional is the question which, in compliance with settled procedural rules, they have brought here on appeal.

If it is indeed true, as the Court holds, that one who is engaged both in intrastate and interstate commerce has no standing to challenge a tax such as this under the Commerce Clause because the State might, perchance, extract the same dollars and cents from him even if he engaged in intrastate commerce alone, then this Court has long been entertaining, ignorantly and wastefully, cases which it had no power to hear.

The taxation and licensing by the States of commingled, though not necessarily inextricably commingled, intrastate and interstate business, or of the instrumentalities of such commingled business, have again and again been considered here to determine whether such an assertion of the taxing power by the States had, in its practical incidence, cast an inadmissible burden upon the interstate aspect of the joint enterprise. Can it be that all these cases could quickly and easily have been disposed of by suggesting that the taxpayer could in any event have been taxed on his intrastate operations?

As far back as 1888, in *Leloup* v. *Port of Mobile*, 127 U. S. 640, the Court struck down because of the Commerce Clause a tax attacked by a taxpayer doing both intrastate and interstate business. In a hundred-odd cases since, a claim under the Commerce Clause in similar situations was considered. (This does not mean it always prevailed.) Can it be that all our predecessors bothered their heads needlessly? Indeed, ever since *Western Union Tel. Co.* v. *Kansas*, 216 U. S. 1, and *Pullman Co.* v. *Kansas*, 216 U. S. 56, it has been settled that a State may not exclude a foreign corporation from doing merely local business if such exclusion would "unreasonably burden" the nonexcludable interstate business. (I am not now concerned with what is and what is not such an "unreasonable burden.") Under today's holding, was there standing in these cases?

A word on the merits. Of course a State may tax for the use of its roads by carriers engaged in interstate commerce, whether they carry local goods as well or do an exclusive interstate business. But this states the beginning of a problem in constitutional law; it does not give the answer. The real question is how the State makes the exaction—that is, what is the nature of the exaction, its basis and its practical operation. As the Court does not reach this question, it would serve no purpose for me to do so.