**STATE of Missouri, Respondent,**

v.

**Bruce Woodruff KURT, Appellant.**

No. 71491.

Supreme Court of Missouri,
En Banc.

Feb. 7, 1991.

Bruce Woodruff Kurt, St. Louis, pro se.

Diana Wagner, Asst. Circuit Atty., St. Louis, for respondent.

BLACKMAR, Chief Judge.

The defendant was convicted of driving with a suspended license, in violation of § 302.321, RSMo 1986.

The license was suspended pursuant to § 544.046, RSMo 1986, known as the "nonresident violators compact." The statute, Art. IV, reads in pertinent part as follows:

(a) Upon receipt of a report of a failure to comply from the licensing authority of the issuing jurisdiction, the licensing authority of the home jurisdiction shall notify the motorist and initiate a suspension action, in accordance with the home jurisdiction's procedures, to suspend the motorist's driver's license until satisfactory evidence of compliance with the terms of the traffic citation has been furnished to the home jurisdiction licensing authority. Due process safeguards will be accorded.

(b) The licensing authority of the home jurisdiction shall maintain a record of actions taken and make reports to issuing jurisdictions as provided in the Compact Manual.

The defendant was arrested on speeding charges while piloting a motorcycle on the highways of Nebraska. He signed an acknowledgment, including an agreement to appear in court to respond to these charges, but failed to do so. The Nebraska authorities then notified the Director of Revenue of Missouri of this failure. A copy of the communication was mailed to the defendant at the address he furnished the Nebraska police officers. He admits that he has resided at the address given at all pertinent times.

The director then notified the defendant of the suspension of his drivers license for failure to respond to the Nebraska citation, by a mailing to the defendant's address. The notice advised him of available appeal procedures, which he did not pursue.

The trial court heard the misdemeanor case without a jury. The defendant represented himself, and the court patiently

heard him out on numerous points. At the conclusion of the hearing the trial court found the defendant guilty. He appeals, invoking our jurisdiction on a claim that the underlying statute is unconstitutional.

The defendant argues, primarily, that the "nonresident violator's compact," as adopted in § 544.046, is enacted in violation of art. I, § 10, of the Constitution of the United States because it was not consented to by Congress. Despite the superficial appeal of this argument, and despite that counsel for the respondent has not favored us with authority on the point, our research shows that the argument is without merit. Not every reciprocal undertaking among the states requires the approval of Congress. The prohibition of art. 1, § 10 applies only to "agreements that are 'directed to the formation of any combination tending to the increase of political power in the states, which may encroach upon or interfere with the just supremacy of the United States.'" *United States Steel Corp. v. Multistate Tax Comm'n,* 434 U.S. 452, 471, 98 S.Ct. 799, 812, 54 L.Ed.2d 682 (1978), *quoting Virginia v. Tennessee,* 148 U.S. 503, 519, 13 S.Ct. 728, 734, 37 L.Ed. 537 (1893).

In *Multistate Tax,* the Court held that a compact established to facilitate the determination and collection of state and local taxes for multistate corporations did not transgress art. 1, § 10. The Court devised a test for determining whether or not a compact impermissibly enhances state power. First, the compact may not authorize member states to do anything collectively that they could not do individually. Second, member states must not delegate their sovereignty, but rather they must retain their freedom to withdraw from the compact at any time. *Id.* at 473, 98 S.Ct. at 813. The *Multistate Tax* test applied to the Nonresident Violator Compact clearly demonstrates that the compact does not encroach or interfere with the supremacy of the federal government, but simply implements the police powers of the state in adopting and enforcing speed limits. The statute permits the state to withdraw from the compact at will. § 544.046, Art. VII(c). Thus, it cannot be said that the Missouri Nonresident Violator Compact infringes upon the rights of the national government in violation of art. 1, § 10. *Tichenor v. Missouri State Lottery Comm'n,* 742 S.W.2d 170, 176 (Mo. banc 1988); *State v. Lauridsen,* 312 S.W.2d 140 (Mo.1958) (agreements for reciprocal arrangements concerning motor vehicle license fees are not within the scope of the compact clause).[1]

It is to the mutual advantage of Missouri and Nebraska to agree that they will aid each other in the pursuit of those who evade traffic citations. The agreement may indeed benefit Missouri drivers, who may be released on recognizance rather than being arrested and obliged to post bond. If sanctions are more effective, drivers may be more careful when they are away from home. The defendant may have his day in court in Nebraska, if he so desires. Inconvenience is not an excuse for nonappearance. The defendant, by driving in Nebraska, subjected himself to its laws and to the authority of its courts. The challenged statutes, then, represent a valid exercise of the police power.

The defendant hints at infirmities on the charges and in the proof, especially as to his notice of the Nebraska transmittal and the Missouri suspension. Proof of mailing permits a finding of receipt unless returned by postal authorities. § 302.515.2, RSMo 1986. We also perceive no infirmity in the form of the charge. The burden is on defendant to demonstrate error, and this he has not done.

The judgment is affirmed.

---

1. *See also Stearns v. Minnesota,* 179 U.S. 223, 244–48, 21 S.Ct. 73, 81–83, 45 L.Ed. 162 (1900); *Bode v. Barrett,* 344 U.S. 583, 73 S.Ct. 468, 97 L.Ed. 567 (1953) (reciprocal exemptions of nonresident motorists from highway use tax require no congressional consent); *Northeast Bancorp, Inc. v. Bd. of Governors of the Federal Reserve System,* 472 U.S. 159, 105 S.Ct. 2545, 86 L.Ed.2d 112 (1985) (interstate bank acquisition compact requires no congressional consent).

ROBERTSON, RENDLEN, HIGGINS, COVINGTON, HOLSTEIN, JJ., and SEILER, Senior Judge, concur.

BILLINGS, J., not sitting.