Karen NICOLAI, as Clerk of the Circuit Court in and for Hernando County, Florida, and on behalf of all others similarly situated, Plaintiff,

v.

FEDERAL HOUSING FINANCE AGENCY, et al., Defendants.

Case No. 8:12–cv–1335–T–33EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 12, 2013.

George G. Angeliadis, The Hogan Law Firm, Brooksville, FL, Joshua R. Gale, Wiggins, Childs, Quinn & Pantazis, LLC, Deland, FL, for Plaintiff.

John F. Lauro, Michael Gregory Califano, Lauro Law Firm, Michael P. Matthews, Lauren Lisette Valiente, William F. Jung, Tampa, FL, Jill L. Nicholson, Chicago, IL, Asim Varma, Howard Cayne, Michael J. Ciatti, Michael Johnson, Washington, DC, for Defendants.

### ORDER

VIRGINIA M. HERNANDEZ COVINGTON, District Judge.

This matter comes before the Court pursuant to Defendants Federal National Mortgage Association (Fannie Mae), Federal Home Loan Mortgage Corporation (Freddie Mac), and Federal Housing Finance Agency's (FHFA) Motion to Dismiss Plaintiff's Complaint (Doc. # 20), filed on October 11, 2012. Plaintiff Karen Nicolai filed a response in opposition to the motion on November 5, 2012. (Doc. # 31). After obtaining leave of Court (Doc. # 24), Defendants filed a reply to the response on November 29, 2012 (Doc. # 39). For the reasons stated below, the Court grants the motion to dismiss.

### I. *Legal Standard*

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R.Civ.P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted).

In accordance with *Twombly*, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. *Analysis*

■ As a threshold matter, regarding the issue of Nicolai's authority to bring this action, the Court finds that Nicolai has stated sufficient facts to survive a motion to dismiss on such grounds. State law vests Florida's Department of Revenue with the authority to administer the Transfer Tax central to this case. Fla. Stat. § 201.11. Nicolai claims that "the County Clerk is acting [and] . . . is appointed as an agent for the Department of Revenue. . . . [A]s agents of the state, [county clerks] have a duty to ensure that the tax is paid." (Doc. # 31 at 17). Accepting as true Nicolai's allegations concerning her authority to bring this action, Nicolai states a plausible claim regarding her authority to bring this action.

Central to this case is Florida Statute § 201.02, which requires the grantor in a real estate transaction to pay "the county Treasurer a real estate transfer tax when an interest for real estate is transferred to another party (the 'Transfer Tax')." (Doc. # 1 at ¶ 12). Even so, Nicolai alleges that "Defendants Fannie Mae and Freddie Mac have been grantors and grantees in many real estate transactions in Florida in which they have recorded documents of transfer with the Register of Deed and have not paid the Transfer Tax." (*Id.* at ¶ 13). As such, Nicolai claims "Plaintiffs have been damaged. Among other things, Plaintiffs are entitled to the Transfer Tax that should have been paid and statutory interest for failure to pay the Transfer Tax

pursuant to Florida statute and law." (*Id.* at ¶ 16). Additionally, Nicolai claims that "Defendant FHFA is the Conservator of the Defendants Fannie Mae and Freddie Mac. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against Defendant FHFA." (*Id.* at ¶ 18).

Fannie Mae and Freddie Mac (the Enterprises), together with the FHFA in its capacity as Conservator of the Enterprises, claim that "Clearly and broadly worded federal statutes mandate that Defendants 'shall be exempt from all taxation . . . imposed by any . . . State, county, municipality, or local taxing authority' with a single, narrow carve-out for direct, not-discriminatory taxation of real property." (Doc. # 20 at 3) (citing 12 U.S.C. §§ 1452(e), 1723a(c)(2), and 4617(j)(2) (the Exemption Statutes)). Fannie Mae's charter provides:

> The corporation, including its franchise, capital, reserves, surplus, mortgages or other security holdings, and income, *shall be exempt from all taxation* now or hereafter *imposed by any State,* territory, possession, Commonwealth, or dependency of the United States, or by the District of Columbia, or by any county, municipality, or local taxing authority, except that any real property of the corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent as other real property is taxed.

12 U.S.C. § 1723a(c)(2) (emphasis added). Freddie Mac's charter provides a similar exemption: "The Corporation, including its franchise, activities, capital, reserves, surplus, and income, shall be exempt from all taxation now or hereafter imposed . . . by any State," excepting taxation of "real property." 12 U.S.C. § 1452(e). Similarly, the FHFA is exempted: "The Agency,

... shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Agency shall be subject to ... taxation." 12 U.S.C. § 4617(j)(2).

The parties agree that The Transfer Tax "is not a tax on real property; it is an excise tax...." (Doc. # 20 at 3; Doc. # 31 at 4). However, while the Enterprises and the FHFA claim that "the Transfer Tax falls within the sweep of the plain language of the Enterprises' exemption from all state and local taxation" (Doc. # 20 at 3) (internal quotation omitted), Nicolai claims that "[u]nder longstanding precedent, the exemption from 'all taxation' language is construed as comprising only 'direct' taxes on the federal government," and therefore, the Transfer Tax, as an excise tax, is not covered by the Exemption Statutes (Doc. # 31 at 5). The Court disagrees with Nicolai's interpretation of the case law and, therefore, declines to so limit the unambiguous language found in the Exemption Statutes.

## A. *Statutory Interpretation*

■ As Nicolai rightly points out, "A state's power to tax is of the 'utmost importance' and [is] vigorously protected ...." (Doc. # 31 at 7) (citing *Bode v. Barrett*, 344 U.S. 583, 585, 73 S.Ct. 468, 97 L.Ed. 567 (1953)). Accordingly, the Supreme Court "has repeatedly said that tax exemptions are not granted by implication." *Okla. Tax Comm'n v. United States*, 319 U.S. 598, 606, 63 S.Ct. 1284, 87 L.Ed. 1612 (1943). Instead, such exemptions "must be unambiguously proved." *United States v. Wells Fargo Bank*, 485 U.S. 351, 354, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988). However, if "the statutory language is unambiguous and the statutory scheme is coherent and consistent," then the "inquiry must cease." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct.

843, 136 L.Ed.2d 808 (1997) (internal quotation omitted). "It is well settled that the starting point for interpreting a statute is the language of the statute itself." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 56, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987) (internal quotation omitted).

■■ The language of the Exemption Statutes is unambiguous. As another district court stated in a case substantially similar to the one now before the Court, "[T]he language here is sweeping and unambiguous. Fannie Mae and Freddie Mac 'shall be exempt from all taxation' imposed by [the State], with a single, narrow exception all agree is inapplicable here." *Hager v. Fed. Nat'l Mortg. Ass'n*, 882 F.Supp.2d 107, 111–12 (D.D.C.2012). " 'All' is an inclusive adjective that does not leave room for unmentioned exceptions. Indeed, the fact that one exception [for real property] is explicitly included further supports this conclusion." *Hertel v. Bank of Am., N.A.*, 897 F.Supp.2d 579, 582 (W.D.Mich.2012) (citing the Exemption Statutes). It is long established that "[w]here Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Andrus v. Glover Constr. Co.*, 446 U.S. 608, 616–17, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980) (citing *Cont'l Cas. Co. v. United States*, 314 U.S. 527, 533, 62 S.Ct. 393, 86 L.Ed. 426 (1942)). The Court has been presented with no such contrary legislative intent.

Nicolai also briefly argues that reading the exemption from "all taxation" to include exemption from the Transfer Tax makes the statutory scheme inconsistent. (Doc. # 31 at 15–16). Nicolai claims Congress "expressly exempted FHFA from paying penalties for 'failure ... to pay any

... recording tax ... when due.'" (*Id.*) Accordingly, Nicolai argues, "this language is superfluous" if Fannie Mae and Freddie Mac "are exempt from paying recordation taxes" because "there could not be penalties associated with such a failure to pay" if the Enterprises are indeed exempt. (*Id.*) (quoting 12 U.S.C. § 4617(j)(4)).

However, 12 U.S.C. § 4617(j)(4) actually immunizes the FHFA from "any amounts in the nature of penalties or fines, including those arising from the failure *of any person* to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due." 12 U.S.C. § 4617(j)(4) (emphasis added). The phrase "any person" is broader than "the Agency" or "the FHFA" or "the Enterprises." Therefore, it does not apply solely to the FHFA's (or Freddie Mac's or Fannie Mae's) failure to pay taxes on time, but also includes non-exempt previous owners of property who may have failed "to pay taxes on real estate now owned or managed by the FHFA as conservator of Fannie Mae and Freddie Mac." *Hertel,* 897 F.Supp.2d at 583. Accordingly, the provision is not rendered superfluous by the Enterprises' exemption from the Transfer Tax. Thus, the statutory scheme is consistent and coherent.

### B. *Supreme Court Precedent*

Nicolai's primary argument is that the Enterprises are not exempt from Florida's Transfer Tax because "[t]he Supreme Court's longstanding construction of 'all taxation'" is that "an exemption from 'all taxation' has a technical, 'understood meaning'" that "while *direct* taxes are exempt, certain privileges of ownership, such as the right to transfer (or record a transfer) could be taxed." (Doc. # 31 at 9–10) (citing *Wells Fargo,* 485 U.S. at 355, 108 S.Ct. 1179) (emphasis in original). Nicolai claims that "the Supreme Court's prior and longstanding construction of 'all taxation' *to include only direct as opposed to excise or privilege taxes,* is dispositive of the issues presented in this case." (*Id.* at 10) (emphasis in original). To prove this "prior and long longstanding construction" of the phrase "all taxation," Nicolai depends on *United States v. Wells Fargo Bank,* 485 U.S. 351, 108 S.Ct. 1179, 99 L.Ed.2d 368 (1988) and its progeny.

In *Wells Fargo,* the Supreme Court considered whether tax-free obligations, termed "Project Notes," issued by state and local housing authorities in accordance with the Housing Act of 1937 were exempted from federal estate tax. *Wells Fargo,* 485 U.S. at 353, 108 S.Ct. 1179. In relevant part, the statute in *Wells Fargo* reads: "[Project Notes], including interest thereon, ... shall be exempt from all taxation now or hereafter imposed by the United States." *Id.* at 355, 108 S.Ct. 1179 (quoting 42 U.S.C. § 1437i(b)). "[I]t was generally assumed that this exempted the Notes from federal income tax, but not from federal estate tax." *Id.* at 353, 108 S.Ct. 1179. The Supreme Court found that Project Notes indeed were not exempt from federal estate taxation, stating:

> Well before the Housing Act was passed, an exemption of *property* from all taxation had an understood meaning: the *property* was exempt from direct taxation, but certain privileges of ownership, such as the right to transfer the property, could be taxed. Underlying this doctrine is the distinction between an excise tax, which is levied upon the use or transfer of property even though it might be measured by the property's value, and a tax levied upon *the property itself.* The former has historically been permitted even where the latter has been constitutionally or statutorily forbidden. The estate tax is a form of excise tax.... Consistent with this understanding, on the rare occasions when

Congress has exempted *property* from estate taxation it has generally adverted explicitly to that tax, rather than generically to "all taxation."

*Wells Fargo,* 485 U.S. at 355–56, 108 S.Ct. 1179 (emphasis added).

The operative word in the Supreme Court's reasoning is "property." An exemption of *property* from "all taxation" has an understood meaning that does not include exemption from excise taxes like the Transfer Tax. *Id.* The reason exempted property is not also exempted from excise taxes is simply because such taxes "are not levied upon the property itself," and it is the property itself that is exempted by statute from taxation. *Id.* However, as Defendants point out, *Wells Fargo* and the cases it relies on do "not redefine 'all taxation' to mean 'some taxation but not excise taxes.' Instead, [those cases] acknowledge that for an exemption to apply, [the exemption] must match the tax-exemptions of property from taxation do not preclude excise taxes, because excise taxes are not imposed on property." (Doc. # 39 at 3). *See Hertel,* 897 F.Supp.2d at 584 ("The estate tax [in *Wells Fargo* ] . . . was a tax on the *transfer* of property, not the property itself. And because the statute specified an exemption *only* for the property and not its owner or its transfer, the exemption was never triggered even though it was the owner of the promissory notes who was liable for the tax.").[1]

However, the Exemption Statutes for the Enterprises and the FHFA do not exempt *property* from taxation; they exempt the *entities* from taxation. Accordingly, the Transfer Tax—a tax on the enti-

ties for engaging in a particular action—triggers the exemption found in the Exemption Statutes. As the courts in *Hertel* and *Hager* pointed out, the controlling decision is not *Wells Fargo,* but *Federal Land Bank of St. Paul v. Bismarck Lumber Co.,* 314 U.S. 95, 62 S.Ct. 1, 86 L.Ed. 65 (1941). *See Hertel,* 897 F.Supp.2d at 585; *Hager,* 882 F.Supp.2d at 112–13.

In *Bismarck,* the Supreme Court considered whether "the unqualified term 'taxation'" used in an exemption statute for federal land banks encompassed an exemption from a sales tax. *Bismarck,* 314 U.S. at 99, 62 S.Ct. 1. Although the Supreme Court did not specifically identify the sales tax in *Bismarck* as an excise tax, it undeniably is one. *See Black's Law Dictionary* 605 (8th ed.2004) (defining "excise . . . also termed 'excise tax' " as "[a] tax imposed on the manufacture, sale, or use of goods (such as a cigarette tax), or on an occupation or activity (such as a license tax or an attorney occupation fee)"). *See also, e.g., Cnty. of Yakima v. Confederated Tribes & Bands of Yakima Indian Nation,* 502 U.S. 251, 270, 112 S.Ct. 683, 116 L.Ed.2d 687 (1992) (discussing an "excise tax on sales of land"); *Cent. Oil & Supply Corp. v. United States,* 557 F.2d 511 (5th Cir.1977) (discussing an "excise tax on sale of diesel fuel"); *United States v. 4,431 Mastercases of Cigarettes,* 448 F.3d 1168, 1185 (9th Cir.2006) ("[T]he quintessential excise tax in our country is the sales tax.").

Notably, the exemption statute in *Bismarck* also% exempted entities, not property, from taxation, to wit: "every Federal land bank . . . shall be exempt from Federal, State, municipal, and local taxation."

---

1. Nicolai frequently cites *Oakland v. Federal Housing Finance Agency,* 871 F.Supp.2d 662, 664 (E.D.Mich.2012). In *Oakland,* the court considered a similar case to the instant case, and, looking to *Wells Fargo,* found that the Enterprises were not exempted from Michi-

gan's real estate transfer tax. *Id.* This Court is not bound by the *Oakland* decision and finds that the *Hertel, Hager,* and *Bismarck* decisions provide the more analogous and sounder reasoning on the issue.

*Bismarck,* 314 U.S. at 99, 62 S.Ct. 1 (internal quotation omitted). The Supreme Court found that the protection of the exemption statute could not "thus be frittered away" and that the "unqualified term 'taxation' used in section 26 clearly encompasses within its scope a sales tax such as the instant one...." *Id.* at 99, 62 S.Ct. 1.

*Wells Fargo* did not overturn the holding of *Bismarck.* It simply addressed a different issue. *Bismarck* holds that where an entity, not property, was exempted from taxation, the exemption also applies to excise taxes. Such is the case here. The statutory language of the exemption is clear and unambiguous; the Supreme Court case law supports Defendants' argument that Defendants are exempted from "all taxation" imposed by the state; and, thus, the FHFA and the Enterprises are exempted from Florida's Transfer Tax.

Nicolai requests that if the Court grants the Motion to Dismiss, the Court would also grant "leave to re-plead the complaint to specifically address the important distinction between direct and excise taxes." (Doc. # 31 at 17). The Court recognizes that it "should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). However, as explained above, the Court finds that *Bismarck* controls in this case, and so the question of statutory exemption from the Transfer Tax is not affected by the distinction between direct and excise taxes. Furthermore, the applicability of the Exemption Statutes to the Transfer Tax is a question of law and no new allegations of fact could cure the complaint's core deficiency. Accordingly, the Court finds that amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Therefore, the Court dismisses this case with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendants Federal National Mortgage Association, Federal Home Loan Mortgage Corporation, and Federal Housing Finance Agency's Motion to Dismiss Plaintiff's Complaint (Doc. # 20) is **GRANTED.**

(2) The Court finds that any attempt to amended the Complaint (Doc. # 1) would be futile. Therefore, this case is **DISMISSED with prejudice.**

(3) The Clerk is directed to **CLOSE THIS CASE.**